Rivard-Rapoza, J.
The issue before the court is whether the defendant’s appeal should be dismissed pursuant to Rule 19 of the District/Municipal Courts Rules for Appellate Division Appeals where the defendant/appellant failed to file a brief at any point during his appeal, up to and including the scheduled date for oral argument.
Background
The plaintiffs filed suit against the defendant to recover on a note signed by the defendant and his now-deceased wife. On December 21, 1994, the trial judge allowed plaintiffs’ motion for summary judgment in the total amount of $46,400.50. Thereafter, the defendant claimed an appeal and a draft report was ultimately approved by the trial judge. The case was brought before the Appellate Division under Rule 8B on an agreed statement of the case.
At a point, the appellant filed a motion with the Appellate Division requesting until October 16,1995 to file his brief. Up to and including the date for oral argument on November 17,1995, the appellant never filed a brief. The plaintiff filed a motion to dismiss appellant’s appeal pursuant to Rule 19, citing the appellant’s failure to file a brief.
Discussion
The issue presented is whether this Court should allow the appellees’ motion to dismiss appellant’s appeal pursuant to Rule 19 where the appellant failed to file a brief with the court at any point during the appeal process.
Rule 19(a) of the District/Municipal Courts Rules for Appellate Division Appeals provides that briefs for appeals under Rule 8B shall be filed and served “prior to the transmittal of the case to the Appellate Division.” Rule 19(c) specifies the sanction for failure to file a brief: “If an appellant fails to file a brief within the time provided by these rules, or within the time as extended ... an appellee may move for dismissal of the appeal.” Rule 19(d) goes on to permit the late filing and service of briefs for Rule 8B appeals after receipt of the appeal in the Appellate Division “as a matter of its discretion and upon the imposition of such terms and costs as it may deem appropriate.”
Rule 19 supplies the Appellate Division with a range of sanctions with which to penalize parties who fail to file and serve briefs in a timely fashion. In the instance of a less severe infraction, the Appellate Division may permit the late filing of a brief subject to costs and other appropriate terms. In those cases where the failure to file in a timely fashion is more serious, the court may dismiss the appeal.
In the present case, the appellant has entirely failed to file a brief. The lesser *52 sanctions which may be associated with a late-filed brief, such as costs, have no application in the instant matter. The only issue presented is whether dismissal is the appropriate sanction.
A party’s failure to file a brief at any stage in the proceedings, up to and including oral argument, seriously undermines the integrity of the appellate process. In the present case, the appellant had sufficient time and numerous opportunities to comply with Rule 19. His complete failure to do so places the present matter within that category of cases for which the appropriate sanction is dismissal.
Accordingly, the motion to dismiss appellant’s appeal is allowed, the appeal is hereby dismissed and the judgment is affirmed.